[No. 11200. Department Two. December 18, 1913.]

## W. D. INGALLS, *Appellant*, v. H. E. ANGELL *et al.*, *Respondents.*[1]

LIMITATION OF ACTIONS—ON CONTRACTS—WRITTEN OR ORAL. Where a written order for nursery stock did not contain anything as to the price of trees, and resort must be had to oral testimony, an action thereon for breach of warranty arises out of a contract partly oral and partly written, and is accordingly barred within three years after the action accrues, by Rem. & Bal. Code, § 159, relating to actions on oral contracts.

SALES—WARRANTY—NURSERY STOCK—CONSTRUCTION. Upon a sale of nursery stock, under a warranty that the trees sold were Carman peach trees, it was intended to warrant that the peaches produced, if any, would be of that variety.

LIMITATION OF ACTIONS—ACCRUAL OF ACTION—FUTURE EVENT—WARRANTY OF NURSERY STOCK. An action for breach of warranty of nursery stock, warranting that the peaches produced, if any, would be Carman peaches, does not accrue, and the statute of limitations does not begin to run, until a reasonable time has elapsed to ascertain the truth.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered January 20, 1913, dismissing an

[1]Reported in 137 Pac. 309.

action on contract, upon sustaining a demurrer to the complaint. Reversed.

*Thos. H. Wilson*, for appellant.

*Englehart & Rigg*, for respondents.

MAIN, J.—The purpose of this action was to recover damages for breach of warranty in the sale of fruit trees.

The allegations of the third amended complaint, so far as material upon this appeal, are in substance as follows: That, at all the times mentioned in the complaint, the plaintiff was engaged as a nurseryman in the sale of fruit trees, in Yakima county, Washington; that, at the time of the sale hereinafter mentioned, the defendants knew that the plaintiff was buying trees for the purpose of selling them again; that, on or about April 7, 1908, the defendants sold and delivered to the plaintiff more than five hundred peach trees, the contract for the sale and delivery of which was as follows: The plaintiff sent W. A. Berg to the defendants with a written order, signed by the plaintiff, requesting them to sell to plaintiff, and deliver to Berg, certain fruit trees, among which were more than 500 Carman peach trees; that, in compliance with the written order which Berg delivered to them, the defendants delivered to Berg, as the agent of the plaintiff, 500 peach trees, tied up in bundles, each containing twenty-five trees; that, fastened to each bundle, was a tag labeled "Carman," the defendants thereby representing to the plaintiff, in writing, that the trees were Carman peach trees; that the written order was the whole and only contract, and the defendants accepted the order by delivering the trees to Berg as the agent of the plaintiff; that, on April 8, 1908, the plaintiff, relying upon the representations of the defendants that Carman peach trees had been delivered, resold and delivered to one Bert Fletcher, for planting, 420 of the trees, representing them to be Carman peach trees; that on October 3, 1911, Fletcher and wife commenced an action in the superior court for Yaki-

ma county against the plaintiff and wife to recover damages
in the sum of five thousand dollars, alleging that the trees
which had been sold to them were not Carman peach trees as
represented, but were worthless and of no value; that when
the trees were sold and delivered to the plaintiff, he had no
way of knowing whether or not they were Carman peach trees,
and had no knowledge or notice that they were not such until
the commencement of the action by Fletcher; that, when that
action was begun, this plaintiff immediately notified the de-
fendants herein in writing of the nature and purpose thereof,
and to defend the same and to furnish evidence on the trial
thereof that the trees so sold and delivered were Carman
peach trees, failing in which, and in event of judgment being
recovered against the plaintiff for the reason that the trees
were not Carman peach trees, that then this plaintiff would
hold the defendants responsible for any damages for which
judgment might be recovered; that the defendants not only
failed to defend and to furnish evidence in accordance with
the notice given, but the defendant H. E. Angell testified
as a witness for Fletcher that the trees were not Carman
peach trees; that the plaintiff defended the action in the best
manner possible, but judgment was entered therein in favor
of Fletcher and wife against the plaintiff and wife for the sum
of $1,880, and costs amounting to $93.25; that the plaintiff
expended in defending the action for clerk's fees, $2.00, for
witness fees, $66.20, for stenographer's fees in taking the
testimony, $15, and for attorney's fees, $250, all of which
expenditures were necessary and reasonable; that the plaintiff
has paid out the total sum of $2,306.45 on account of the
judgment, costs, and other expenditures in the Fletcher case,
all accruing on account of the 420 trees sold to him as afore-
said not being Carman peach trees as represented; that the
defendants, at the time they sold the trees to the plaintiff,
knew that they did not know that they were Carman peach
trees; that there is due and owing to the plaintiff the sum of
$2,306.45 which the defendants have failed and refused to

pay, and for which the plaintiff prays judgment, together with interest from April 1, 1912, and costs.

To this amended complaint, the defendants interposed a demurrer, upon the grounds, first, that it does not state facts sufficient to constitute a cause of action against the defendants, or either of them; and second, that the action was not commenced within the time limited by law.

Thereafter the demurrer was argued and the court sustained the same. The plaintiff electing to stand upon his complaint, refused to plead further, and on January 20, 1913, the court entered a judgment dismissing the action and for costs in favor of the defendants. The plaintiff has appealed.

The first question to be determined is whether the six-year or the three-year statute of limitation applies to the contract as pleaded. An action upon a contract in writing, or liability express or implied arising out of a written contract, may be begun within a period of six years after the cause of action accrued. Rem. & Bal. Code, § 157 (P. C. 81 § 55). An action upon a contract, express or implied, which is not in writing, and does not arise out of a written instrument, may be begun within a period of three years. Rem. & Bal. Code, § 159 (P. C. 81 § 63).

The written order upon which an attempt was made to state a cause of action did not contain anything as to the price of the trees. This was an essential element of the contract. It would appear then, that one of the necessary terms not being set out in the writing in order to establish the price, resort must be had to oral testimony. The contract would be in part oral and in part written. The rule is that a contract partly in writing and partly oral is an oral contract. In Bishop on Contracts, § 164, it is said:

"A contract partly in writing and partly oral is, in legal effect, an oral contract. It occurs where an incomplete writing, or one expressing only a part of what is meant, is by

oral words rounded into the full contract; or where there is first a written contract, and afterward it is changed orally."

In *Board of Commissioners of Marion County v. Shipley*, 77 Ind. 553, it is said:

"A contract can not be said to be in writing within the meaning of section 211, above noticed, so as to run twenty years, unless the parties thereto, as well as its entire terms and stipulations, can be gathered from the instrument itself, or from some other written instrument referred to therein, without the aid of parol evidence to ascertain either. If parol evidence has to be resorted to in order to ascertain the parties to a contract or its terms, the reason for extending the period of limitation to twenty years fails; and, though the contract may be partly in writing, yet, as it rests partly in parol, the six-year period of limitation applies as well as if the contract had rested entirely in parol."

The conclusion must be that, in order to maintain an action upon the contract in question, it was necessary that the same be instituted within three years after the cause of action accrued. From the facts stated, it appears that the order for the trees was given on or about April 7, 1908. The present action was instituted on the 27th day of August, 1912. If, therefore, the cause of action arose at the time the order for the trees was given, the suit was not commenced in time.

The next question is, when did the cause of action accrue? If the warranty pleaded was intended only to warrant that the *trees* sold were *Carman*, the action was not instituted within the three year period. On the other hand, if it were intended to warrant that the trees sold would *produce Carman peaches*, then the action was begun in time. In the latter case, the warranty would relate to a future event by which it could be determined from the fruit grown the character thereof. The general rule is that a warranty as to kind or quality is broken when made, and the statutory period is computed from the date of the sale. But if the warranty related to a future event by which its truth could be ascertained, the warranty would not be broken until the happening of such future event. In 25 Cyc. 1092, after stating the gen-

eral rule that a warranty as to kind or quality is broken at the date of the sale, it is said:

"It seems to be conceded, however, that the rule would be otherwise if the warranty related to a future event by which its truth could be ascertained, as that fruit trees would bear a certain kind of fruit, or that a carpet when laid would not develop grease spots. Thus, where machinery is sold with warranty and accepted on condition that it complies therewith, a cause of action for breach of the warranty does not accrue and the statute does not begin to run until a reasonable time has elapsed for making the necessary tests; and the time taken by the parties in trying to make the machinery fulfill the stipulated conditions is the proper criterion of what is reasonable."

It must then be determined whether, by the warranty here pleaded, which is that the trees sold were Carman peach trees, it was intended to warrant that if they should produce peaches they would be of that variety. The purpose of the purchaser, unquestionably, was to buy trees which would produce Carman peaches. A construction of the language to the effect that the trees were to be Carman and yet that there was no warranty that, if they produced fruit, it would be of that particular variety, would be to magnify form and minimize substance. The modern trend of authority is to look to the substance rather than to the form. When this is done, it would seem plain that the purpose intended was that the peaches, if any, which grew upon the trees which were the subject of the sale, would be of the Carman variety.

It must be admitted that this view is not in harmony with the case of *Allen v. Todd*, 6 Lans. (N. Y.) 222, and the conclusion reached by a majority of the court in *Bartly v. Faulkner*, 3 B. & Ald. 288. We think, however, that in so far as these cases are out of harmony with the views herein expressed, they are unsound, and we decline to adopt them.

The judgment will be reversed, and the cause remanded with directions to the superior court to overrule the demurrer to the third amended complaint.

CROW, C. J., ELLIS, FULLERTON, and MORRIS, JJ., concur.