NICOLAI AALL, *Appellant*, v. RIVERSIDE IRRIGATION
DISTRICT, *Respondent.*[1]

*W. H. Patterson,* for appellant.
*Chas. A. Johnson,* for respondent.

PARKER, J.—The plaintiff, Aall, seeks recovery from
the defendant, irrigation district, for engineering serv-
ices claimed to have been rendered by him to it during
the whole of the period from June 1 to August 20, 1923,
when his employment by the district ceased.  He com-
menced this action in October, 1927, more than four
years after he ceased his employment, and therefore
more than four years after his alleged cause of action
accrued, unless it arose "upon a contract in writing"
or as a "liability, express or implied, arising out of a
written agreement."  The district resisted his claim of
recovery upon the merits, and also upon the ground
that the action was not commenced within the time
limited by law.  The cause proceeded to trial before

[1]Reported in 289 Pac. 22.

the court, sitting without a jury, which resulted in findings and judgment denying to Aall recovery, from which he has appealed to this court.

It is evident from the memorandum decision rendered by the trial judge that Aall was denied recovery both upon the merits and because the action was not commenced within the time limited by law. Being clearly of the opinion that appellant's right of recovery was barred by our statutes of limitation at the time of the commencement of the action, we pass the somewhat more troublesome question of Aall's right of recovery upon the merits had he timely commenced his action. The limitations of time within which actions must be commenced, so far as need be here noticed, are prescribed by sections of Remington's Compiled Statutes, as follows:

"§ 157. Within six years, — . . . (2) An action upon a contract in writing, or liability express or implied arising out of a written agreement; . . .

"§ 159. Within three years,— . . . (3) An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument; . . ."

There was no writing of any nature made or signed by appellant at any time which can be considered as being in the least a part of his employment contract. The writing made by the district authorities, relied upon by appellant as constituting a contract in writing employing him, is embodied in the minutes of meetings of the board of directors of the district under dates as follows:

July 12, 1922

"The matter of employment of an engineer was next considered and the secretary directed to gather information about engineers and their qualifications and call the next meeting when enough data has been collected to make it worth while."

July 24, 1922

"Moved by Coleman, seconded by Probert that this board send word by special message to Nicolai Aall to meet them Wednesday for the purpose of consulting regarding the survey of the Riverside Irrigation District."

July 26, 1922

*"The Board accepted Mr. Aall's proposition to take charge of the survey at $250 per month  . . ."*

We italicize the only portion of these minutes which can by any possibility be considered as pointing to the making of a contract in writing. Appellant did thereafter—just when is not made plain—go to work and perform engineering services for the district, and was paid therefor in full at the rate of $250 per month up until June 1, 1923; and, during that period, there were some further minute records made by the board of directors touching the progress of the engineering work, but not touching the making of appellant's employment contract.

The minutes of the board of directors above quoted, relied upon by appellant as constituting a contract in writing, we think, fall short of constituting such a contract. There is not in the evidence any written proposition of appellant to "take charge of the survey;" nor do the minutes suggest that any such proposition was made in writing; nor do the minutes tell us what the word "survey" therein means; nor do the minutes state any period of agreed employment. In *Ingalls v. Angell,* 76 Wash. 692, 137 Pac. 309, we held that a writing claimed as constituting a contract for the purchase of nursery stock, which failed to state an agreed purchase price, was not a valid contract in writing, though it became a valid contract partly in writing and partly oral, and therefore suit for a liability arising out of it fell under the ban of the

three-year statute of limitation above quoted. Our later decision in *Levold v. Pederson,* 130 Wash. 380, 227 Pac. 510, is of the same general import. Necessary written stipulations in contracts required to be in writing, under statutes of frauds, are, by way of analogy, helpful here. In *Palmer v. Marquette & Pacific Rolling Mill Co.,* 32 Mich. 274, there was drawn in question an employment contract falling within the statute of frauds, because of the length of the agreed term of employment. Thus it was required to be in writing. It was claimed to be sufficiently made in writing in a telegram signed by the employer. Holding that it was not in writing, Judge Cooley, speaking for the court, said:

"It fixes no time for the continuance of the employment, and it does not name the employment itself. The plaintiff insists that the use of the word 'salary,' in a sense evidently implying a year's compensation, indicates that it was to continue a year at least, but if the bargain was thought by defendants to be favorable to their interest, it must be as much open to them to show that a term of years was agreed upon, as for the plaintiff to insist upon a single year. The one is just as consistent with what appears in the writing as the other.

"Then as to the employment: the plaintiff says the telegram engaged him in service as dock superintendent. But it is just as consistent with the dispatch, that Mr. Burt [defendant's official who signed the telegram] had in mind the position of private watchman, or master of one of the company's vessels, if they have any. It is manifest that on some such matters, which are of the very essence of the contract, the telegram settles nothing."

In the English case of *Elliott v. Roberts,* 107 Law Times 18, there was drawn in question an employment contract required to be in writing under the statute of frauds. It was claimed to be sufficiently made in

writing in a letter signed by the employer. Holding the contract was not in writing, the court said:

". . . the letter does not specify when the agreement was to commence. Mr. Dobb [counsel] contends that the letter was one by which the defendant bound himself to employ the plaintiff for one year at least, to commence from the time when the plaintiff was to enter upon his duties, and he relies in support of that contention on the last paragraph but one of the letter, which says, 'I to pay the rent of the Redmans-road house and yard. I to pay you for the first year anyway a monthly salary at the rate of 2001. a year.' As I said before, the plaintiff in his claim treats that as an agreement which is to last for a year, to commence from the time when the plaintiff should, in the future, enter upon his employment, and it is that agreement which the plaintiff alleges has been broken so as to give him a right to damages. One thing the letter does not contain is the date when the services were to commence. It is clear from the letter that they were not to commence until some future date, but what that date was to be is not stated in the letter."

We conclude that appellant's employment contract was not wholly in writing and therefore not in writing within the meaning of Rem. Comp. Stat., § 157, subd. 2, above quoted, and that therefore his right of action for recovery for his services rendered the district in June, July and August, 1923, became barred upon the expiration of three years following that time; which limitation expired more than a year before the commencement of the action. Further support to our conclusion may be found in *Foote v. Robbins,* 50 Wash. 277, 97 Pac. 103; *Seymour v. Oelrichs,* 156 Cal. 782, 106 Pac. 88; *Foley & Whitehill v. Tex. Co.,* 252 S. W. (Tex. Civ. App.) 566.

The judgment denying appellant recovery is affirmed.

MITCHELL, C. J., and MILLARD, J., concur.

BEALS, and TOLMAN, JJ., concur in the result.