[No. 32058. Department One. November 6, 1952.]

F. A. MILLETT, *Respondent,* v. D. O. SAMPSON *et al.,*
*Appellants.*[1]

*Gladys Phillips,* for appellants.
*Paul O. Manley,* for respondent.

GRADY, J.—This action was brought by the assignee of J. C. Richardson for a money judgment against appellants. The court rendered such a judgment. Richardson will be referred to as respondent. Sampson will be referred to as appellant.

Appellant does not challenge the findings of fact made by the court. His assignments of error present two questions: Did the writings signed by respondent and appellant con-

[1]Reported in 249 P. (2d) 773.

stitute a bilateral contract, and, if so, was it partly written and partly verbal so as to make the three-year statute of limitations applicable?

On September 18, 1946, respondent and appellant prepared and signed an informal contract of partnership, the material part of which provided that in case the partnership was dissolved, one of the partners might purchase the interest of the other for cash on the basis of 35% of his investment. The parties contemplated engaging in the welding business. Respondent contributed $856.23 to the partnership. The interest of appellant was much greater.

About February 8, 1947, respondent and appellant decided to dissolve their partnership. The respondent was willing to transfer his interest in the partnership to appellant for the price of $856.23. A document was prepared by the parties reading as follows:

"Olympia, Washington
"February 8, 1947
"To Whom it May Concern—
"I, J. C. Richardson agree to relinquish to D. O. Sampson all interest in the company known as the Columbia Steel and Welding Works, on payment to J. C. Richardson of $856.23—Eight hundred fifty six & 23/100 Dollars.
"Signed J. C. Richardson
"Signed D. O. Sampson"

The appellant moved the effects and equipment of the partnership to Ephrata. He purchased a business site and erected a building. Payment of the stated sum not having been made, respondent assigned his claim against appellant to a collection agency. This action was commenced in August, 1951.

The appellant advances the theory that the contract quoted above is not one of sale and purchase at an agreed price, but was merely an offer on the part of respondent to relinquish to appellant his interest in the partnership for the doing of an act by the latter, namely, the payment of money; that the act never having been performed, there was no acceptance of the offer and hence no contract; also that the signing of the document by appellant did not con-

stitute an acceptance of the offer, but was a mere authentication of the terms of the offer rather than a true acceptance, the idea being that if an offer is conditional upon the doing of an act, even words of acceptance are not sufficient, but the doing of the act is the only way by which such offer can be accepted and become binding.

In *Cook v. Johnson*, 37 Wn. (2d) 19, 221 P. (2d) 525, we noted that in a bilateral contract there are reciprocal promises, but in the case of a unilateral contract, there is an offer by one party and the doing of an act by another. An example of the latter is an offer of a reward for the finding and return of lost property. The act of returning the property is an acceptance of the offer and makes it binding.

While more apt language might have been used in wording the contract, when one takes the language used and considers the conduct of the parties, it becomes clear that respondent intended to and did promise to sell his interest in the partnership to appellant and the latter promised to pay him $856.23 therefor. The appellant signed the document and took possession of all that was covered by the offer. The purchase price had been agreed upon. We are of the opinion that the parties made a bilateral contract.

The court rendered a memorandum decision to the effect that appellant had agreed to pay respondent $856.23 for his interest in the partnership and he was entitled to judgment for that amount.

Before judgment was entered, appellant moved to reopen the case and for an order allowing his answer to be amended so as to plead the statute of limitations, his theory being that any promise to pay the sum of $856.23 was oral and therefore the contract, being partly in writing and partly oral, would be an oral contract and be governed by the three-year statute. More than three years had elapsed between the making of the contract and the commencement of this action.

We cannot accept the contention made by appellant that the contract was partly oral because if any promise

was made by appellant to pay the stated sum such promise was oral.

Our statute, RCW 4.16.040, provides that "An action upon a contract in writing, or liability express or implied arising out of a written agreement" may be brought within six years after the right of action accrues. The contract created an obligation on the part of appellant to pay the specified sum. Title to the partnership interest passed to appellant when he signed the contract, followed by taking possession of that which was embraced within the partnership interest of respondent. The contract was complete and required no parol evidence to determine any of the essential elements creating the obligation to pay the specified sum of money. It is this feature that distinguishes the case from *Ingalls v. Angell*, 76 Wash. 692, 137 Pac. 309, and *Levold v. Pederson*, 130 Wash. 380, 227 Pac. 510, cited by appellant.

We therefore conclude that a written obligation was created to pay to respondent the stated sum for his interest in the partnership, and the action was timely commenced.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, DONWORTH, and WEAVER, JJ., concur.