[No. 33886.    Department Two.    April 25, 1957.]

RALPH PURVIS, *Appellant*, v. PUBLIC UTILITY DISTRICT No. 1 OF KITSAP COUNTY, *Respondent*.[1]

[1]Reported in 310 P. (2d) 233.

*Ralph Purvis* and *James B. Sanchez*, for appellant.

*J. W. Bryan, Sr.*, and *A. E. Blair*, for respondent.

WEAVER, J.—This is an action to recover the reasonable value of a lawyer's legal services rendered to a municipal corporation.

The minutes of May 28, 1948, of the board of commissioners of defendant public utility district No. 1 of Kitsap county disclose that

"A discussion was held with Ralph Purvis [plaintiff] in regard to retaining as attorney for the P.U.D. District 1. It was agreed by the Commissioners that Mr. Purvis be retained, and discussions of salary be postponed until a later date."

Plaintiff acted as the attorney for the defendant until December 1, 1952. He attended meetings of the commissioners; consulted with them concerning the legal problems of the district; prepared miscellaneous resolutions for consideration of the commissioners; made legal studies and attended numerous conferences with the attorneys and commissioners of other public utility districts concerning the acquisition of the electrical distribution and generating facilities of the Puget Sound Power and Light Company. The trial court found that plaintiff was employed as attorney for defendant "with the intent that he receive compensation for services rendered defendant by the plaintiff," and that the reasonable value of these services was one hundred dollars per month.

March 22, 1949, the commissioners adopted a lengthy resolution for the acquisition, by purchase or condemnation, of the works, plants, and facilities of the Puget Sound Power and Light Company, used or useful for the generation,

transmission, and distribution of electricity. This resolution provides that "The District shall cause . . . to be performed any and all . . . legal services necessary or incidental to said acquisition . . . ."

The same day, the commissioners adopted resolution No. 42 which, among other things, provides:

"In order to effectuate the provision of Resolution No. 41 of the District, adopted March 22, 1949, and the system or plan specified and adopted therein, Ralph Purvis [plaintiff], *attorney for the district,* be and he hereby is authorized and directed to institute forthwith and prosecute to a conclusion in the Superior Court . . . or such other court or courts as may be necessary or advisable, an action or actions in the name of the District, for the acquisition by condemnation of . . . [various properties] . . . now owned or operated by the Puget Sound Power & Light Company . . . ." (Italics ours.)

Pursuant to resolution No. 42, plaintiff commenced two actions in Federal court on behalf of defendant and made an appearance for defendant in another Federal action. The trial court found the reasonable value of plaintiff's services to be $650 in the first action, $1,500 in the second, and $250 in the third.

November 16, 1952, the commissioners adopted resolution No. 65, which provides:

"Be it resolved . . . that Ralph Purvis [plaintiff], *Attorney for the District* be, and he is hereby authorized and directed to appear on behalf of the District and defend that certain legal action instituted against the District in the Superior Court of Kitsap County, Washington, Cause No. 31456 . . . ." (Italics ours.)

The court found the reasonable value of plaintiff's services to be $500 in this matter.

November 26, 1952, the commissioners adopted resolution No. 70, which instructs and authorizes "Ralph Purvis, attorney for the District," together with other counsel, to take such action as "they may deem proper and necessary in order to protect the District . . . ." In accordance with this resolution, an original action was commenced in

the supreme court. The trial court found that the reasonable value of plaintiff's services in this action was $500.

December 1, 1952, the commissioners adopted resolution No. 75, which, among other things, provides

*"That the office of attorney for this District is hereby abolished,* and Ralph Purvis [plaintiff] is hereby *discharged* from said office and from serving further as legal adviser for the District or from serving the District in any other capacity."* (Italics ours.)

Plaintiff was directed to surrender all books, papers, documents, and property belonging to the district.

There is competent evidence in the record to support the findings of fact of the trial court, which findings are substantially as we have outlined them.

Believing that an action for the reasonable value of personal services will not lie against a public utility district, the trial court entered judgment for defendant. Anticipating, however, that a different view of the law may ultimately prevail, the trial court determined the reasonable value of plaintiff's services. Plaintiff appeals from the judgment dismissing his action.

RCW 54.12.090 provides that all proceedings of the commission shall be by motion or resolution but does not require that they be in any particular form. In the absence of an express provision of statute with reference to form and content, a resolution or motion need not be in any set form of words. *Baker v. Lake City Sewer Dist.*, 30 Wn. (2d) 510, 519, 191 P. (2d) 844 (1948). Any recorded statement in the minutes of the commission meets this requirement if it fairly discloses that a statutory majority of the commission resolved or decided upon some matter of administration within its official cognizance.

Those portions of the commission's records which we have quoted verbatim, meet this test, and we conclude that plaintiff was *expressly* employed by defendant, both as general counsel and as special counsel to prosecute and defend specific litigation on behalf of the district. This conclusion is further supported by the fact that defendant paid numerous vouchers, submitted by plaintiff for expenses

incurred in the prosecution of his work on behalf of defendant; and that defendant honored his employment by discharging him therefrom on December 1, 1952.

Since the record before us discloses an express contract of employment authorized by the public utility commission, defendant's theory, that the doctrine of implied contract cannot fasten liability upon a municipal corporation for purely personal services, has no application. Those cases, of which *Hailey v. King County*, 21 Wn. (2d) 53, 149 P. (2d) 823, 154 A. L. R. 351 (1944) and *Stoddard v. King County*, 22 Wn. (2d) 868, 158 P. (2d) 78 (1945) are illustrative, are not apposite.

■ Plaintiff was not a volunteer in the performance of the legal work of the district. He was directed and authorized to perform it by resolution of the commission. The authorization was not *ultra vires*.

■ When lawyers are employed by express contract, they are entitled to compensation for services rendered to their clients. In the absence of an express agreement as to the amount of compensation which they are to receive, they are entitled to a reasonable compensation for the services rendered.

■ The minutes of the board of commissioners, quoted *supra*, fall short of constituting a contract in writing, or liability express or implied arising out of a written contract. *Aall v. Riverside Irr. Dist.*, 157 Wash. 442, 444, 289 Pac. 22 (1930), and cases cited. Therefore, plaintiff's action, which was commenced October 28, 1954, is governed by the three-year statute of limitations.

Plaintiff's fees for the specific items of litigation were not earned more than three years prior to October 28, 1954, and, therefore, none of the fees is barred.

Plaintiff's complaint tenders the issue of his right to reasonable compensation upon a monthly basis. Therefore, plaintiff's right to compensation accruing prior to October 28, 1951, is barred by the three-year statute of limitations.

The judgment is reversed and the cause remanded, with

directions to enter judgment for plaintiff in accordance with the views herein expressed.

ROSELLINI and FOSTER, JJ., concur.

SCHWELLENBACH, J. (concurring) — Assuming that the statement, "There is competent evidence in the record to support the findings of fact of the trial court," means that the evidence does not clearly preponderate against the court's findings, I concur in the result.

DONWORTH, J., concurs with SCHWELLENBACH, J.

June 13, 1957. Petition for rehearing denied.

[1] Reported in 310 P. (2d) 239.