112

W. A. KNIGHT et al, Appellants, v. M. J. FREIMUTH et al, Respondents.

James S. Scott (of Smith & Scott), for appellants.

C. W. Halverson and W. James Kennedy (of Halverson, Applegate, McDonald, Bond, Grahn, Wiehl, Almon & Putney), for respondents.

GREEN, J.—Plaintiffs Knight brought this action to quiet title in themselves to certain real property and for an accounting to determine the balance due defendants Freimuth on certain promissory notes. Defendants filed an answer contesting plaintiffs' right to quiet title in themselves and counterclaimed for the balance due on the promissory notes. Judgment was entered in favor of plaintiffs in the quiet title action subject to a judgment lien in favor of the defendants Freimuth upon their counterclaim. From the judgment entered upon defendants' counterclaim, both parties appeal.

The question on appeal concerns the effect of an allocation of 1968 payments upon (1) promissory notes that were barred by the statute of limitations at the time of the payment (hereafter Group A) and (2) notes that were barred by the statute at the time of allocation but not at the time of payment (Group B). The precise issue presented is whether these allocations operated to revive the Group A notes and toll the statutory period as to the Group B notes on the date of payment.

The facts are undisputed. In 1946, plaintiffs desired to purchase a farm. The defendants Freimuth purchased the farm in their own name for plaintiffs who signed a promissory note for the purchase price. Thereafter, defendants made numerous loans to plaintiffs. Each loan was evidenced by a promissory note payable on "demand." From time to time prior to 1968, plaintiffs made payments to the defendants without direction as to how the payments were to be applied. These payments were allocated to the outstanding notes at defendants' discretion.

Between June and September 1968, plaintiffs made payments of approximately $60,000 to the defendants Freimuth, without direction as to the manner in which these payments were to be applied. A receipt was issued for each of these payments with the notations "Principal payment on various notes" and "as payment on principal of various notes," but no allocation was actually made to the various notes.

In 1972 a question arose over the ownership of the farm. A meeting was held to discuss this problem, during which plaintiffs requested a statement showing the balance due on the various promissory notes held by defendants. Following that meeting, but prior to the commencement of this action, defendants by appropriate endorsement applied the 1968 payments proportionately to all of the outstanding notes.

At the conclusion of the present action, the trial court found that at the time of the 1968 payments the Group A

notes were barred by the statute of limitations and were not revived by the allocation of payments made in 1972. On the other hand, the court found that the Group B notes were not barred, although the statutory period had run on all but a few by 1972, as the statute was tolled at the time of the 1968 payments.

First, plaintiffs contend that the trial court erred in holding that the Group B promissory notes upon which the statute of limitations had run after 1968, but before 1972, were revived by the 1972 allocation of payments. We disagree.

The 6-year statute of limitations, RCW 4.16.040(2), begins to run on "demand" promissory notes from the date of execution. *Chatos v. Levas*, 14 Wn.2d 317, 321, 128 P.2d 284 (1942); RCW 62A.3-122(1)(b); RCW 62A.3-108. Partial payment on a promissory note will toll the statute and begin the period running anew. *Cannavina v. Poston*, 13 Wn.2d 182, 124 P.2d 787 (1972); *Wickwire v. Reard*, 37 Wn.2d 748, 226 P.2d 192, 23 A.L.R.2d 1323 (1951).

Restatement of Contracts § 387 (1932) provides in pertinent part:

> Where more than one matured contractual duty is owed to the same person and these duties are for performances of identical character, such as the payment of money, a payment or other performance capable of discharging in whole or in part either one or another of these duties, is applied, subject to the rules stated in §§ 388-393,
>
> (a) as the debtor, at or before the time of payment or performance, manifests to the creditor an intention to have it applied; or,
>
> (b) if the debtor makes no such manifestation, as the creditor *within a reasonable time* manifests an intention to have it applied; . . .

(Italics ours.) As the trial court notes in its memorandum opinion, this section of the Restatement covers explicitly the relationship and transactions of the parties in this case and:

Our Supreme Court in *Bellingham, etc. vs. Bellingham Coal Mines* [*Bellingham Securities Syndicate, Inc. v. Bellingham Coal Mines, Inc.*, 13 Wn.2d 370, 125 P.2d 668 (1942)], at least inferentially, approves the Restatement as they cited with approval Section 394 therein.

*See* Restatement of Contracts § 387 (1932), comment *j*. Where the debtor fails to designate a payment to specific notes, as in this case, the creditor may within a reasonable time apply the payment as he intends. *Sainsbury v. Wapato Fruit & Cold Storage Co.*, 132 Wash. 455, 232 P. 331 (1925); *Bishop v. T. Ryan Constr. Co.*, 106 Wash. 254, 180 P. 126 (1919).

Plaintiffs argue that the allocation of payments in 1972 cannot revive the Group B notes as the allocation of payments by defendants was not made "within a reasonable time." To the contrary, our court has taken the position:

> [I]f the debtor make no direction at the time of payment as to the application of payments, the right of application belongs to the creditor *at any time before the account is settled between the parties or before the action is brought.*

(Italics ours.) *Whiting v. Rubinstein*, 10 Wn.2d 5, 26, 116 P.2d 305 (1941); 15 S. Williston, *A Treatise on the Law of Contracts* § 1798 (3d ed. W. Jaeger 1972). Furthermore, "It is the fact of partial payment, and not the formal entry of credit, which tolls the statute." *Cannavina v. Poston, supra* at 191. Thus, as plaintiffs made payment in 1968, the trial court properly held that the application of payments by defendants before commencement of this action effectively tolled the statutory period as to the Group B notes from the date of payment.

Secondly, defendants' cross-appeal raises the contention that the trial court erred in finding that the 1972 allocation of payments did not revive the Group A notes which were barred by the statute of limitations at the date of payment. We find no error. There being no decision in this state on this question, we turn to the Restatement of Contracts § 387 (1932), Illustration 8, p. 734, which is directly on point:

8. A owes B two debts, one of which is barred by the Statute of Limitations. A makes a payment without manifesting any intent that it shall be applied to one rather than the other. The payment is insufficient fully to satisfy either debt. B can apply the payment in whole or in part to the barred debt; *but if the debt is not fully paid thereby, the bar of the Statute is not removed as to the remainder.*

(Italics ours.) 1 S. Williston, *A Treatise on the Law of Contracts* § 178 (3d ed. W. Jaeger 1957). We adopt the Restatement view. Here the Group A notes were barred by the statute of limitations on the date of payment. While the defendant could properly allocate the payments "in whole or in part" to the Group A notes, under the Restatement illustration, such payment does not operate to remove the bar. Thus, the trial court properly held that the allocation of payments to the Group A notes was proper, but that such payments did not revive the bar of the statute as to the unpaid balance.

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.