[No. 1836-2. Division Two. January 6, 1977.]

NATIONAL BANK OF COMMERCE OF SEATTLE, *as Executor,*
*Appellant,* v. NONA L. PRESTON, ET AL, *Respondents.*

*John F. Kovarik, David G. Shenton,* and *Casey, Pruzen,*
*Kovarik & Shulkin,* for appellant.

*William R. Hickman, Richard C. Reed,* and *Reed, Mc-*
*Clure, Moceri & Thonn, P.S.,* for respondents.

PEARSON, J.—The sole issue on appeal is whether check
stubs containing the notation "loan" and the corresponding
checks constitute written loan agreements governed by the
6-year statute of limitations. We hold that they are not
written loan agreements and we affirm the trial court's
dismissal of this action for failure to commence the action
within the statute of limitations.

While Harvey Rendsland was suffering from a serious
illness, he resided with Nona Preston and her husband.
During this period, Nona Preston helped Rendsland con-
duct his financial affairs. Between October 1967 and Janu-
ary 1968 Nona Preston filled out four of Rendsland's checks
and the corresponding check stubs. Rendsland signed the
checks, each of which contained the date, the amount pay-

able, and the designation of Nona Preston as the payee. Two of the check stubs contained the notation "loan," one had the notation "loan (house)," and the fourth stub had no notation. Nona Preston endorsed each check when she negotiated them.

Rendsland died in September of 1968, and in June of 1973, more than 3 but less than 6 years after the checks had been issued, Rendsland's executor, National Bank of Commerce, brought suit against Nona Preston alleging that the four checks had been loans to her which had not been repaid. The trial court granted defendant's motions for dismissal and summary judgment on the ground that the alleged loans did not arise out of written agreements and thus the action was barred by the 3-year statute of limitations for oral contracts.

The 6-year statute of limitations, RCW 4.16.040 (2), applies only to actions upon a contract in writing, or liability express or implied, arising out of a written agreement. A written agreement for purposes of that statute must contain all the essential elements of the contract, and if resort to parol evidence is necessary to establish any material element then the contract is partly oral and the 3-year statute of limitations applies. *Ingalls v. Angell*, 76 Wash. 692, 137 P. 309 (1913); *Levold v. Pederson*, 130 Wash. 380, 227 P. 510 (1924); *Aall v. Riverside Irrigation Dist.*, 157 Wash. 442, 289 P. 22 (1930). *See Central Heat, Inc. v. Daily Olympian, Inc.*, 74 Wn.2d 126, 443 P.2d 544, 44 A.L.R.3d 750 (1968).

If a check contains the essential terms of a contract it constitutes a written agreement for purposes of the 6-year statute of limitations. In *Griffin v. Lear*, 123 Wash. 191, 212 P. 271 (1923), a check containing the terms of an investment contract was held to be a written agreement governed by the 6-year statute of limitations. The court stated that parol evidence could be used to clear up ambiguity in the terms expressed in the check, but it could not be relied upon to modify or add to the contents of the writing.

Plaintiff contends that the checks and check stubs, when

read together, constitute written agreements containing all the necessary elements of loans from Rendsland to Preston, *i.e.*, the date and amount of the check are the date and amount of the loan, Rendsland's signature as drawer and Preston's signature as endorser constitute the signatures of the parties, and the notation "loan" on the stub is a sufficient written promise by Preston to repay Rendsland. Plaintiff additionally contends that a 6 percent interest rate is provided for by statute, RCW 19.52.010, and that the loans are payable on demand since no time of payment is specified. Regardless of the validity of plaintiff's other contentions, the checks and stubs do not contain a sufficient written promise to repay and therefore the 6-year statute of limitations does not apply.

■ A borrower's promise to repay loaned funds is, of course, an essential element of a loan agreement. The check stub that does not contain any notation clearly lacks a promise by Preston to repay Rendsland. The check stubs with the notations "loan" and "loan (house)" do not contain the necessary promissory language either. Plaintiff cites *In re Estate of Larson*, 71 Wn.2d 349, 428 P.2d 558 (1967), as authority for the proposition that "loan" establishes Preston's promise to repay Rendsland. Dictum in *Larson*, a case dealing with the forgiveness of a debt, states that the words "As Loan" on the face of a check are unequivocal and are evidence supporting a finding that the drawer of the check made a loan to the payee. *Larson* is not applicable to this situation. The language on Rendsland's check stubs may be evidence of some loan, but it does not constitute a written promise by Preston to repay Rendsland. When "as loan" appears on the face of a check, the drawer has ordered that a specified amount of money be paid to the payee "as loan." This is substantially different from the solitary presence of "loan" on a check stub, which is equivocal. Parol evidence is necessary to indicate whether the check is for a loan from the drawer (Rendsland) to the payee (Preston), for the repayment of a loan from Preston

to Rendsland, or for a transaction relating to a loan involving a third party.

Admission of parol evidence is necessary to make the otherwise inert word "loan" functional. This would be more than clearing up ambiguity in a term of a contract. It would be adding a material term to the contents of the writing and this is impermissible. *Griffin v. Lear, supra.*

In the absence of the essential promise to repay, the checks and check stubs are merely orders of payment and not written loan agreements. Since parol evidence is necessary to establish an essential term of the agreement, the contract is partly oral and the 3-year statute of limitations applies. *Aall v. Riverside Irrigation Dist., supra.* The statute of limitations on a loan payable on demand begins to run when the loan is made. 54 C.J.S. *Limitations of Actions* § 130 (1948); *cf. Knight v. Freimuth,* 13 Wn. App. 112, 533 P.2d 423 (1975). Therefore the 3-year period elapsed before this action was commenced in June of 1973, and the trial court properly granted defendant's motions for dismissal and summary judgment.

We affirm.

PETRIE, C.J., and REED, J., concur.