[No. 46584-8-I.   Division One.   September 24, 2001.]

BOGLE AND GATES, P.L.L.C., *Appellant*, v. HOLLY MOUNTAIN RESOURCES, *Respondent*.

*Michael A. Goldfarb* (of *Rohan, Goldfarb & Shapiro, P.S.*), for appellant.

*Frank R. Siderius* (of *Siderius, Lonergan & Crowley*), for respondent.

KENNEDY, J. — The former law firm of Bogle & Gates, P.L.L.C., seeks to collect fees for legal services it performed for Holly Mountain Resources, an Idaho corporation. Because we conclude that the agreement to perform services was oral as to Holly Mountain Resources, we affirm the trial court's conclusion that Bogle & Gates' claim against the corporation was barred by the three-year limitations period.

## FACT STATEMENT

In June 1993, John Zapel, David Zapel, and Holly Mountain Resources were named as defendants in an action filed by Peter Rees for trespass to timber. John Zapel, who is the president of Holly Mountain Resources, hired Bogle & Gates to represent him and the other named parties in the Rees litigation. After an initial meeting, Bogle & Gates sent John Zapel a letter memorializing the agreement. The letter, which is dated July 16, 1993, states in part:

> We wish to thank you for retaining Bogle & Gates and confirm our agreement to represent you and your brother in the Rees matter. Based upon our meeting, it is our understanding that Bogle & Gates will prepare an answer to Rees' complaint, attempt to negotiate a settlement and, if necessary, defend you in the litigation. We will report to you at Holly Mountain Resources[.]

Clerk's Papers at 128. The letter also contained the hourly rate of the lead attorney for the representation, and referenced the firm's Standard Terms of Representation, a preprinted booklet enclosed with the letter. The Standard Terms of Representation contains a thorough description of

the law firm's billing processes and payment terms, scope of representation, retainers and trust accounts, confidentiality, termination of services and the firm's reservation of the right to pursue collection and recover its attorney fees thus incurred, in the event of nonpayment of fees for the representation. The letter encouraged Zapel to read the booklet thoroughly and to contact the firm if he had any questions. "Absent such questions, we will assume that the Standard Terms of Representation, as supplemented by this letter, will apply to our representation." *Id.*

Bogle & Gates provided legal services to the named parties from July 1993 to some time in 1995. Meanwhile, in October 1993, David Zapel's liability insurer, State Farm, consented to Bogle & Gates' continued representation of David Zapel, and agreed to pay half the legal fees for the overall representation. Ultimately, Bogle & Gates negotiated a settlement that was acceptable to the parties.

Bogle & Gates sent several invoices to Holly Mountain Resources throughout 1994 and 1995, the first of which is dated August 31, 1994. On May 19, 1995, Bogle & Gates sent a final invoice to John Zapel and Holly Mountain Resources, totaling $43,143.46. Deducted from this total were State Farm's one-half share in the sum of $21,089.98, which it had paid, and a payment received from Holly Mountain Resources on January 6, 1995 in the sum of $1,000, leaving $20,089.98 outstanding. Neither John Zapel nor Holly Mountain Resources paid this outstanding sum. Bogle & Gates filed a notice of intent to withdraw, on June 23, 1995.

Bogle & Gates filed this action on December 10, 1998, alleging breach of contract, quantum meriut, and promissory estoppel. Holly Mountain Resources filed a motion for summary judgment, contending that Bogle & Gates' action was barred by the three-year statute of limitations (RCW 4.16.080(3)). The trial court concluded that the three-year statute, rather than the six-year statute (RCW 4.16.040(1)), governed, and thus dismissed the action against Holly

Mountain Resources. Bogle & Gates filed a motion for reconsideration, which was denied. This appeal followed.

## DISCUSSION

Statute of Limitations

Bogle & Gates argues that the trial court erred in concluding that the July 16 letter and enclosed Standard Terms of Representation did not constitute a written agreement between the firm and Holly Mountain Resources for purposes of RCW 4.16.040(1).

Summary judgment is available only if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c). In reviewing a summary judgment order, we conduct the same inquiry as the trial court and consider all facts and reasonable inferences in the light most favorable to the nonmoving party. *Mountain Park Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994). We review questions of law de novo. *Id.*

RCW 4.16.040(1) provides a six-year limitation period on an "action upon a contract in writing, or liability express or implied arising out of a written agreement." RCW 4.16.080(3) provides a three-year limitation period for nonwritten contract-based actions.

"The burden of proving a contract, whether express or implied, is on the party asserting it, and he must prove each essential fact, including the existence of a mutual intention." *Cahn v. Foster & Marshall, Inc.*, 33 Wn. App. 838, 840, 658 P.2d 42 (1983) (citing *Johnson v. Nasi*, 50 Wn.2d 87, 91, 309 P.2d 380 (1957)). "A written agreement for purposes of the 6-year statute of limitations must contain all the essential elements of the contract, and if resort to parol evidence is necessary to establish any essential element, then the contract is partly oral and the 3-year statute of limitations applies." *Id.* at 840-41 (citing

*Ingalls v. Angell*, 76 Wash. 692, 695-96, 137 P. 309 (1913); *Nat'l Bank of Commerce v. Preston*, 16 Wn. App. 678, 679, 558 P.2d 1372 (1977)). The essential elements of a contract are " 'the subject matter of the contract, the parties, the promise, the terms and conditions, and (in some but not all jurisdictions) the price or consideration.' " *DePhillips v. Zolt Constr. Co.*, 136 Wn.2d 26, 31, 959 P.2d 1104 (1998) (quoting *Family Med. Bldg., Inc. v. Dep't of Soc. & Health Servs.*, 104 Wn.2d 105, 108, 702 P.2d 459 (1985)).

Holly Mountain Resources argues that the retention letter and Standard Terms of Representation do not constitute a contract in writing for purposes of RCW 4.16.040(1) because the correspondence fails to specify Bogle & Gates' agreement to represent Holly Mountain Resources, as well as John and David Zapel.[1] In response, Bogle & Gates points to *Kloss v. Honeywell, Inc.*, wherein this court stated that "[e]x parte writings are sufficient to bring a contract within the 6-year statute of limitations if the writing contains all of the elements of a contract." 77 Wn. App. 294, 298, 890 P.2d 480 (1995). We concluded that memoranda memorializing an oral employment agreement between the parties satisfied the writing requirement for purposes of RCW 4.16.040(1), notwithstanding the absence of a compensation term, because a standard of reasonable compensation could be implied into the agreement without resort to extrinsic evidence. *Id.* at 298-99.

*Kloss* is distinguishable from the instant case. In *Kloss*, the party to be charged wrote the ex parte memoranda that confirmed the oral agreement with the plaintiff. Thus, there was no need to resort to extrinsic evidence to establish the identity of the parties to the agreement. *Id.* at 296-97. In

---

[1] Holly Mountain Resources also contends that there is no sufficient writing because there is no signature binding the corporation and because there is no mention in the writing of the fee arrangement with State Farm. These contentions lack merit. By their very nature, ex parte writings are not signed by all the potential parties—that is why they are called ex parte writings. The fee arrangement with State Farm happened several months after the representation commenced and has no relevance to the question of whether the letter and enclosure of July 16, 1993 qualify as a writing for purposes of the six-year statute of limitations.

this case, the retention letter is addressed to John Zapel alone, and confirms that Bogle & Gates will represent John and David Zapel. Holly Mountain Resources is mentioned only in terms of where the law firm would send correspondence relating to the representation, that being to John Zapel's business address. On the face of the retention letter, there is no indication that an agreement was formed other than between Bogle & Gates and the Zapel brothers in their personal capacities. We are unable to imply an agreement between Bogle & Gates and Holly Mountain without resorting to evidence outside of the correspondence. While the letter and Standard Terms of Representation together satisfy the writing requirement for purposes of the contract between Bogle & Gates and the Zapels in their individual capacities, these writings do not suffice to memorialize the oral agreement that the law firm would also represent Holly Mountain Resources. For this reason, we conclude that RCW 4.16.080(3) applies to bar the action against Holly Mountain, and we affirm the trial court's summary judgment dismissal on this basis.

Bogle & Gates also argues on appeal that under RCW 4.16.040(2), the six-year limitations period should apply to this case as "[a]n action upon an account receivable incurred in the ordinary course of business." We decline to examine this claim, as this basis was not presented to the trial court. Bogle & Gates argues that waiver of issues not raised below does not apply "when the question raised affects the right to maintain the action." *New Meadows Holding Co. v. Wash. Water Power Co.*, 102 Wn.2d 495, 498, 687 P.2d 212 (1984). In *New Meadows*, our Supreme Court invoked this narrow exception to waiver where one party raised and argued the applicability of a statute in its briefing for summary judgment, but another party failed to appear to contest the summary judgment motion. The Court noted that waiver would not apply to bar the absent party from raising the issue on appeal, because the statute affected that party's right to maintain the action. But the Court also reasoned that the trial court was not deprived of

an opportunity to rule on the applicability of the statute because the issue was adequately briefed and argued by a party with interests identical to the absent party. *Id.* at 498-99. The narrow exception does not apply here, where the trial court was never able to consider the applicability of RCW 4.16.040(2) because neither Bogle & Gates nor another party raised the issue below.

Attorney Fees

■ As a final matter, Holly Mountain Resources requests an award of costs and attorney fees. RCW 4.84.330 provides that "[i]n any action on a contract . . . where such contract . . . specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract[,] . . . shall be awarded to one of the parties, the prevailing party . . . shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements." In *Herzog Aluminum, Inc. v. General American Window Corp.*, 39 Wn. App. 188, 196-97, 692 P.2d 867 (1984), we concluded that RCW 4.84.330 also provided for the award of costs and attorney fees to the party who successfully defended a breach of contract lawsuit by proving the absence of an enforceable contract—in that case, the absence of a meeting of the minds. The asserted contract in that case stated that "Herzog shall be entitled to recover any and all costs, expenses and attorney fees incurred arising from or out of any dispute relating to this order." *Id.* at 191. Here, Bogle & Gates' Standard Terms of Representation provides that "we reserve the right to withdraw from the representation and pursue collection of your account, in which case you agree to pay costs of collection including court costs and reasonable attorneys' fees." Clerk's Papers at 137. We conclude that RCW 4.84.330 authorizes the award of attorney fees and costs to Holly Mountain Resources. If Bogle & Gates had successfully proven a written contract as to Holly Mountain Resources and subsequently prevailed on its collection action, it would have been entitled to collect attorney fees and costs pursuant to this same provision. Because Holly Mountain Resources suc-

cessfully defended against this action, this provision operates bilaterally. We grant reasonable attorney fees and costs to Holly Mountain Resources for defending this appeal.

Affirmed.

Cox, J., concurs.

APPELWICK, J. (concurring in part, dissenting in part) — I heartily concur with the majority in affirming the trial court's dismissal on summary judgment, in declining to reach the issue of the account receivable claim and in the award of attorney fees.

I must dissent on the interpretation placed on *Kloss v. Honeywell, Inc.*, 77 Wn. App. 294, 890 P.2d 480 (1995). The majority notes: "While the letter and Standard Terms of Representation together satisfy the writing requirement for purposes of the contract between Bogle & Gates and the Zapels in their individual capacities . . . ." Majority opinion at 562. This statement flows from case law cited on page 561. "[E]x parte writings are sufficient to bring a contract within the 6-year statute of limitations if the writing contains all of the elements of a contract." *Kloss*, 77 Wn. App. at 298 (citing *Evans v. Yakima Valley Grape Growers Ass'n*, 52 Wn.2d 634, 644, 328 P.2d 671 (1958) (Finley, J., dissenting)). But, *Evans*, 52 Wn.2d at 637, clearly states that the statute requires a contract in writing or a written agreement, *not some ex parte memorandum related thereto*.

I do not view the letter and Standard Terms of Representation as creating a written agreement with anyone. Nor do I agree that the letter and Standard Terms of Representation have all of the essential elements of a contract in writing. Nowhere is the promise or assent of the party to be charged evidenced in the writings. The Zapels neither authored, signed, nor acknowledged the writings authored by Bogle & Gates. Without *agreement* of the client, there is no written instrument or written agreement. The letter itself acknowledges an already existing oral agreement.

The letter purports to supplement the clients' understanding of what Bogle & Gates does as a *standard* matter. It does not purport to supersede the oral agreement. It merely memorializes what Bogle & Gates understood it had agreed to the day before. The writings are merely ex parte memoranda related to an oral contract, nothing more.

*Kloss* on its facts has no application in this case. Honeywell made an oral agreement to employ Kloss if he became a licensed practicing nurse (LPN). No salary was specified. Kloss enrolled in the LPN program. Subsequently, Honeywell determined it would employ registered nurses (RN) rather than LPNs at Harbour Pointe. A written memorandum was circulated internally and copied to Kloss, confirming the change to RNs and stating that Kloss should direct his education to that end. Kloss became an RN. The unilateral writing referencing Kloss becoming an RN changed the terms of the oral agreement that he become an LPN. It was a new, unilateral offer to contract with Kloss. It became an enforceable contract upon Kloss's performance—earning an RN license. *Kloss*, 77 Wn. App. at 300.

The case before us does not involve a written offer on terms different from the oral contract. It does not involve a unilateral written contract offered by Bogle & Gates and accepted by performance of the client. It does not involve a writing sought to be enforced against the party who drafted or executed it.

Bogle & Gates cannot by the letter and its enclosure unilaterally convert the oral agreement into a written agreement governed by the six-year statute of limitations. Contract law does not allow it.

The majority concludes Holly Mountain Resources could not be bound by the written contract since the letter was not addressed to Holly Mountain Resources and did not address its representation. I would simply dispose of this issue by noting that the letter and enclosure did not, as a matter of law, create a written contract with anyone. Therefore, the three-year statute of limitations applies as to

all parties. The trial court properly dismissed the Bogle & Gates claims on summary judgment.

For these reasons, I respectfully dissent.