In re SPIEGEL, INC. et al.

No. 03–11540.

United States Bankruptcy Court, S.D. New York.

Jan. 19, 2006.

Heller Ehrman LLP, By Carren B. Shulman, Esq., Zejreme Radoncic, Esq., New York, for Jannette Hughes, Lance Schubert, J. Marcel Enterprises, J. Marcel de Mexico and J. Marcel Enterprises of Yuma.

Chadbourne & Parke LLP, By Scott S. Barber, Esq., James I. Lee, Esq., Douglas Deutsch, Esq., New York, for Spiegel Creditor Trust.

### DECISION GRANTING MOTION TO DISMISS CLAIMS FILED BY JANNETTE HUGHES, LANCE SCHUBERT, J.MARCEL ENTERPRISES, J. MARCEL DE MEXICO AND J. MARCEL ENTERPRISES OF YUMA PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

BURTON R. LIFLAND, Bankruptcy Judge.

Before the Court is a motion to dismiss pursuant to the Federal Rules of Civil Procedure, (the "Rules") Rule 12(b)(6), objecting to proofs of claim filed by Jannette Hughes ("Hughes") (Claim No. 3368), Lance Schubert ("Schubert") (Claim No. 3369), J. Marcel Enterprises ("J. Marcel") (Claim No. 3367), J. Marcel De Mexico (Claim No. 3370) and J. Marcel Enterprises of Yuma, Inc. (Claim No. 3366) (collectively, "Marcel" or the "Marcel Parties").

*Background*

Marcel performed manufacturing services for Eddie Bauer, Inc. ("Eddie Bauer") dating back to 1985 in Seattle, Washington, pursuant to various manufacturing agreements. On March 17, 2003, Spiegel, Inc. ("Spiegel") and certain of its direct and indirect subsidiaries, including Eddie Bauer, Inc. (collectively, "Debtors"), filed a voluntary petition in this Court for relief under the United States Bankruptcy Code. On October 1, 2003, the Marcel Parties filed the five proofs of claim totaling $2 million.

Attached to each proof of claim is a copy of a state court complaint (the "Com-

plaint") that was filed in the Superior Court of Washington on March 3, 2004. The Complaint asserts causes of action against Eddie Bauer for breach of contract, breach of implied contract and breach of the implied covenant of good faith and fair dealing based on the allegation that Eddie Bauer notified them in June 2000 that they were terminating all contract work with Marcel. The crux of the Marcel Parties' claims is that sometime in 1992, the Debtor allegedly induced Marcel to build a manufacturing facility in Mexico. Marcel alleges that Eddie Bauer represented that if Marcel built the manufacturing facility in Mexico, "Eddie Bauer would keep their facility busy all year, every year." Declaration of Lance Schubert at ¶ 17. Further, Marcel alleges that Eddie Bauer assured them "that [Marcel] had nothing to worry about since Eddie Bauer would provide them with constant work and so long as the provisions of the North American Free Trade Act remained in place and would protect their business in the event of any change in that status." State Court Complaint at ¶¶ 3.5–3.7. None of these alleged agreements were in writing and there are no documents evidencing these alleged commitments. Instead, the Marcel Parties allege that the representations constitute an enforceable oral agreement. Based upon these oral "assurances" the Marcel Parties contend that Schubert and Hughes formed J. Marcel de Mexico and J. Marcel Enterprises of Yuma, Inc., through which the respective entities constructed manufacturing facilities in San Luis, Mexico and Yuma, Arizona (the "Manufacturing Facilities"). After the Manufacturing Facilities were opened, the Debtors regularly placed orders with Marcel for work to be completed in those plants. Since Marcel began manufacturing products for Eddie Bauer in 1985, orders were placed with Marcel through various manufacturing agreements which contained the type and number of products ordered, the price and the delivery specifications. In June 2000, Eddie Bauer notified Marcel that it would not be placing any more orders with Marcel. No further manufacturing agreements were entered into after that point.

On September 15, 2004, the Creditor's Trust (the "Trust"), as successor to the Debtors, filed the Fourteenth Omnibus Objection to Proofs of Claim (the "Objection") requesting that the Court expunge and disallow certain claims, including the claims filed by the Marcel Parties, on the grounds that there is no basis for liability and that the claims are duplicative of each other. On February 15, 2005, the Marcel Parties filed their response to the Objection, asserting that the Trust made no showing to overcome the *prima facie* validity of the Claims. On November 15, 2005, the Trust filed a supplement to the Objection along with a motion to dismiss pursuant to Rule 12(b)(6) (the "Motion"). On January 2, 2006, the Marcel Parties filed a response to the Motion, contending, among other things, that the Motion was procedurally improper and that manufacturing agreements in effect at the time of the alleged breach (the "Manufacturing Agreements") attached to the Motion should not be considered by the Court in deciding the Motion.

*Discussion*

Rule 12(b)(6), which is made applicable to this proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), enables a defendant to move to dismiss a complaint on the ground that it fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6); Fed. R. Bankr.P. 7012(b). A motion to dismiss must be denied unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief."

*Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All well-pled factual allegations must be read by the court as true and construed in a light most favorable to the plaintiff. *Id.*

Documents whose terms and effect are relied upon by the plaintiff in drafting the complaint may be considered on a motion to dismiss, even if the documents are not submitted as exhibits by the plaintiff. *See Gryl ex rel. Shire Pharmaceuticals Group PLC v. Shire Pharmaceuticals Group PLC*, 298 F.3d 136, 140 (2d Cir.2002) ("We are also free to consider documents that are incorporated into the complaint by reference or attached to the complaint as exhibits, or whose terms and effect are relied upon by the plaintiff in drafting the complaint"); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–54 (2d Cir.2002). Here, the Complaints were attached to the Marcel Parties' proofs of claim and the Complaints refer to the Manufacturing Agreements, which the Trust attached to its Motion, and are the basis for their claims, and thus the Court may properly consider the Complaints and the Manufacturing Agreements.

In addition, when the right to file a motion to dismiss is preserved by filings preceding the motion to dismiss, courts have held that subsequent motions to dismiss are proper. See *Allianz Ins. Co. v. Otero*, 2003 WL 262335, *3 (S.D.N.Y. Jan.30, 2003); *Zebrowski v. Denckla*, 630 F.Supp. 1307, 1309 n. 1 (E.D.N.Y.1986). *See also In re WorldCom, Inc.*, 322 B.R. 530 (Bankr.S.D.N.Y.2005). In the current case, the Trust preserved its right to otherwise move for relief in the Fourteenth Omnibus Objection to Claims. *See* Fourteenth Omnibus Objection, at ¶ 11.

Moreover, an objection to a claim is a "contested matter" governed by Bankruptcy Rule 9014, which allows the bankruptcy court "at any stage in a particular contest-ed matter to direct that one or more of the rules applicable to adversary proceedings apply." *See Iannochino v. Rodolakis (In re Iannochino)*, 242 F.3d 36, 42 (1st Cir. 2001) *citing* Fed. R. Bankr.P. 9014, 7001; *Internal Revenue Service v. Taylor (In re Taylor)*, 132 F.3d 256, 260 (5th Cir.1998) ("An objection to a proof of claim serves to initiate a contested matter and thereby serves the purpose of putting the parties on notice that litigation is required to resolve the objection and to make a final determination on the allowance or disallowance of the claim."); *cf. In re Stavriotis* 977 F.2d 1202, 1204 (7th Cir.1992) ("Bankruptcy Rule 9014 permits a court, at its discretion, to extend Rule 7015 to contested matters as well as adversary proceedings.")

At bottom, regardless of the procedure, the pleadings before the Court go to the merits of the claims, which all parties want the Court to address. Accordingly, the procedural objections are overruled.

## THE MERITS

### Oral Contract

The Trust objects to claims filed by the Marcel Parties because they are allegedly based on oral assurances, and there are no written documents supporting the assertion that an agreement exists. The Trust contends that the business relationship between the parties was governed by the Manufacturing Agreements, which are wholly integrated and preclude the consideration of oral agreements. Marcel contends that aside from the Manufacturing Agreements, the oral assurances amount to an implied contract that are not within the Statute of Frauds and may be enforced. Alternatively, should the Court find that the Manufacturing Agreements are sufficiently related to the subject matter, Marcel asserts that parol evidence should be considered and will establish

that the parties agreed Marcel would operate manufacturing plants in Mexico and Arizona for the benefit of Eddie Bauer. Additionally, and in response to the Motion, the Marcel Parties add a new theory of recovery, promissory estoppel.

 Under Washington law,[1] if "performance [of a contract] is possible within one year, however unlikely that may be, the agreement is not within the statute of frauds" and it is "legally immaterial that the actual period of performance exceeded one year." *See Malnar v. Carlson*, 128 Wash.2d 521, 534, 910 P.2d 455 (1996). Washington law recognizes implied contracts. "The party asserting the existence of the contract must prove that the terms of the contract are stated, agreed upon, and that the parties intended the terms to be a binding agreement . . . ." *Keystone Land & Dev. Co. v. Xerox Corp.*, 353 F.3d 1070, 1073 (9th Cir.2003). The party asserting an implied contract must prove the essential facts of the contract including "the existence of a mutual intention . . . . The essential elements of a contract are the subject matter of the contract, the parties, the promise, the terms and conditions, and (in some but not all jurisdictions) the price or consideration." *Bogle and Gates, P.L.L.C. v. Holly Mountain Resources*, 108 Wash.App. 557, 32 P.3d 1002, 1004 (2001) (quotations omitted).

Arguably, the Statute of Frauds imbedded in the Uniform Commercial Code (the "UCC") would be applicable here. UCC Article 2 applies to transactions in goods. *U.S. Engine, Inc. v. Roberts,* 118 Wash. App. 1052, 2003 WL 22230139 (Div. 1 2003). The manufacturing agreements relate to articles of clothing, which are goods, so this contract may fall under Article 2. According to the Restatement of Contracts, "[t]he fact that one or more terms of a proposed bargain are left open or uncertain may show that a manifestation of intention is not intended to be understood as an offer or as an acceptance." RESTATEMENT OF CONTRACTS, § 33. Because the terms alleged to constitute an oral contract in this instance are so vague, however, it is unclear if Article 2 would apply.

The Trust urges the Court to find that because the agents of the Debtor allegedly assured the Marcel Parties that Eddie Bauer would keep Marcel busy every year and year-round this oral agreement couldn't possibly be performed in under one year and therefore is within the Statute of Frauds. Claimants argue that this agreement could have been performed in less than one year and therefore this contract is not within the Statute of Frauds. Because the alleged terms of this oral agreement are so vague, it is unclear how a determination in this regard could be made.

Moreover, even if all the allegations in the proof of claim were true, the Marcel Parties have not established any essential terms of an oral contract. Their claim rests on oral assurances and does not constitute an enforceable contract, therefore, the Court declines to find that any implied, oral agreement was entered into. The parties did enter into numerous manufacturing agreements for work to be completed at the Mexico and Arizona plants. These written contracts included the required terms of a contract—the quantity and price of the items to be manufactured.

---

1. The manufacturing agreements are governed by Washington state law. *See* Exhibit 1 to the Lee Aff. It appears that Washington state law would apply even in the absence of the manufacturing agreements because both principal plaintiffs (Schubert and Hughes) and the Debtor are Washington citizens. *See In re Gaston & Snow*, 243 F.3d 599 (2d Cir. 2001).

The Marcel Parties did not assert that these contracts were breached.[2]

Marcel suggests that the Manufacturing Agreements do not illustrate the true relationship between the two parties and that the integration clause in the Manufacturing Agreements do not preclude the introduction of parol evidence as a supplement to the purchase orders. The Manufacturing Agreements, however, relate to orders for the Mexico and Yuma, Arizona plants, and therefore any terms relating to manufacturing at those plants would have to be included in the Manufacturing Agreements because they are completely integrated.

■ The Manufacturing Agreements state: "This contract ... contains all representations and agreements of the parties hereto. Any modification or alteration of this agreement shall be in writing signed by both parties." Washington courts have held that parole agreements should be given effect rather than permit boilerplate terms of a contract when it appears the integration clause is contrary to the parties' intentions. *See Black v. Evergreen Land Developers*, 75 Wash.2d 241, 249, 450 P.2d 470 (Wash.1969); *see also Banner Bank v. Metrophone Telecommunications Inc.*, 2004 WL 2429559, 2004 Wash.App. LEXIS 2448 (Wash.Ct.App.2004). Since no definite terms of any alleged oral agreement have been alleged here, I find that the integration clause in the Manufacturing Agreements are not contrary to the actual agreement of the parties. "If parties to an integrated written contract have a secret handshake agreement to contrary

terms, it is the written agreement the courts will enforce." *Lopez v. Reynoso*, 129 Wash.App. 165, 177, 118 P.3d 398 (2005).

In *Hearst Communications, Incorporated v. Seattle Times Company*, the Supreme Court of Washington stated, "we have explained that surrounding circumstances and other extrinsic evidence are to be used 'to determine the meaning of specific words and terms used' and not to 'show an intention independent of the instrument' or to 'vary, contradict or modify the written word.' " 154 Wash.2d 493, 503, 115 P.3d 262 (2005), citing *Hollis v. Garwall*, 137 Wash.2d 683, 974 P.2d 836 (1999). In this case, since the manufacturing agreements were completely integrated, any terms allegedly agreed to relating to the same subject matter of the manufacturing agreements that were not included in the agreements may not be considered.

I find that the purchase orders executed by the parties were completely integrated and therefore parol evidence may not be considered to prove any terms contradictory to the terms of the written, executed contracts.

*Promissory Estoppel*

■ Under Washington law, to obtain recovery based on promissory estoppel a party must establish that a promise was made upon which the promisor reasonably expected the promisee to rely in changing its position, and the promisee did, in fact, change its position justifiably relying upon the promise, in such a manner that injustice can be avoided only by

**2.** At the hearing before the Court on January 19, 2006, the Marcel Parties requested that the Court permit an amendment to their proof of claim to include damages for two outstanding manufacturing agreements that were allegedly breached when Marcel was informed that there would be no further orders placed for manufacture at the Mexican Facility. Marcel asserts that this work stoppage caused the Mexican facility to shut-down and Marcel was forced to complete the manufacturing under the two outstanding agreements at facilities in the United States, at a higher cost to Marcel. The alleged breach of the two agreements bear no relation to the theories advanced in the contested claims and the Court denied this request to amend.

enforcement of the promise. *See King v. Riveland,* 125 Wash.2d 500, 886 P.2d 160 (1994). Washington courts have found that for promissory estoppel to apply, the terms of the promise made must be clearly established. *Irvin Water District No. 6 v. Jackson Partnership,* 109 Wash.App. 113, 34 P.3d 840, 846 (2001). As stated above, without establishing terms and conditions of the alleged oral agreement between the parties, this Court cannot ascertain what the exact agreement was and therefore finds Marcel may not recover on the basis of promissory estoppel.

Considering the facts plead by the Marcel Parties in their favor, this Court declines to find that recovery would be proper under any of the above-mentioned basis. The Motion of the Trust, dismissing the proofs of claim numbered 3386, 3369, 3367, 3370 and 3366 is granted.

THE TRUST IS DIRECTED TO SUBMIT AN ORDER CONSISTENT WITH THE ABOVE FINDINGS.