COURT OF APPEALS DIV
2013 JUN -3 AM 10: 01


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CITIBANK SOUTH DAKOTA, N.A., )
                                ) No. 68609-7-I
            Respondent,     )
                                ) DIVISION ONE
    v.                               )
                                )
MEHMET KAYMAZ,           ) UNPUBLISHED OPINION
                                )
           Appellant.       ) FILED: June 3, 2013

BECKER, J. — In this credit card debt collection action, Mehmet Kaymaz appeals an order of summary judgment in favor of Citibank South Dakota, N.A. Because the evidence provided by Citibank establishes proof of Kaymaz's assent to the terms of the credit card agreement, we affirm the judgment of the trial court.

## FACTS

Citibank filed a complaint against Kaymaz, alleging that Kaymaz defaulted on payment of debt incurred on a Citibank credit card. Citibank moved for summary judgment. In support of its motion, Citibank attached: (1) over 170 pages of computer-generated monthly account statements for the card dating from January 2002 to May 2010, (2) a copy of a check written by Kaymaz made out to "Citi Bank," and (3) an unsigned, undated Citibank cardmember agreement.

The account statements were sent to the address of a business owned by Kaymaz. The January 2002 statement detailed 17 separate purchases made using the card, each containing a date, location, and amount, as well as an automatic payment of $500.00 to the account. The statement indicated a balance of $3,122.60 owing on the card. Subsequent monthly statements provided similar detail regarding purchases and automatic payments, but the amount of purchases, combined with finance charges, frequently exceeded the amount of payments made and the balance climbed steadily. The credit limit was exceeded in February 2009 and no further payments were made on the card. As of May 2010, the balance owed on the card was $26,585.26.

The check, dated December 25, 2003, was made out to "Citi Bank" in the amount of $500. The business address on the check was the same as the business address to which the account statements were sent, and Kaymaz's signature was on the check. The following month's account statement confirmed that a payment of $500 was posted to the account on January 2, 2004. The reference number for the payment in the account statement matched the reference number stamped on the copy of the check.

Kaymaz, representing himself, filed a response asserting that he did not have an account with Citibank and that, in the absence of a signed cardmember agreement, the trial court should dismiss the case. Kaymaz did not submit any evidence. The trial court granted Citibank's motion and entered a judgment

against Kaymaz. Now represented by counsel, Kaymaz appeals the order of summary judgment.

## DECISION

We review a grant of summary judgment de novo, undertaking the same inquiry as the trial court. Sheikh v. Choe, 156 Wn.2d 441, 447, 128 P.3d 574 (2006). Summary judgment is proper if, viewing the facts and reasonable inferences most favorably to the nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. CR 56(c); Versuslaw, Inc. v. Stoel Rives, LLP, 127 Wn. App. 309, 319-20, 111 P.3d 866 (2005), review denied, 156 Wn.2d 1008 (2006). The moving party has the initial burden to show that there is no genuine issue as to any material fact. Hiatt v. Walker Chevrolet Co., 120 Wn.2d 57, 66, 837 P.2d 618 (1992). If the moving party satisfies its burden, only then does the burden shift to the nonmoving party to present evidence that material facts are in dispute. Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wn.2d 16, 26, 109 P.3d 805 (2005). If the nonmoving party fails to do so, then summary judgment is appropriate.

To prevail on its claim that Kaymaz is responsible for the debt, Citibank must demonstrate the existence of a contract with Kaymaz concerning the card on which the debt accumulated. A valid contract requires an objective manifestation of mutual assent to its terms, which generally takes the form of offer and acceptance. Yakima County (W. Valley) Fire Prot. Dist. No. 12 v.

Yakima, 122 Wn.2d 371, 388-89, 858 P.2d 245 (1993). The offeror is the master of the offer and may propose acceptance by conduct. Discover Bank v. Ray, 139 Wn. App. 723, 727, 162 P.3d 1131 (2007).

Here, Citibank's cardmember agreement clearly provided that the use of the credit card constituted acceptance of the agreement's terms:

> You agree to use your account in accordance with this Agreement. This Agreement is binding on you unless you cancel your account within 30 days after receiving the card and you have not used or authorized use of the card. You must pay us for all amounts due on your account as specified in this Agreement.

But, as Kaymaz asserted below, the cardmember agreement by itself does not prove the existence of a contract because the agreement is unsigned. There is no proof that Kaymaz ever saw the cardmember agreement, that the bank sent it to him, or that this particular cardmember agreement was associated with the card in question. Nevertheless, Kaymaz does not dispute that, in the absence of a signed agreement, establishment of a defendant's personal acknowledgement of a card is prima facie proof of assent to the terms of usage offered by the bank. The question before us is thus whether Citibank provided sufficient evidence to demonstrate that Kaymaz personally acknowledged the card.

In Ray, the bank supported its motion for summary judgment with four years' worth of self-generated monthly account statements, a copy of an unsigned cardmember agreement, and several cancelled checks that the defendant had sent as payment on the debt. In affirming summary judgment,

Division Three of this court held that this was sufficient evidence to establish that the defendant used his credit card and thereby assented to the terms of the cardmember agreement.

However, in Discover Bank v. Bridges, 154 Wn. App. 722, 226 P.3d 191 (2010), Division Two of this court reversed the trial court's grant of summary judgment in favor of the bank. In Bridges, as in Ray, the bank provided copies of self-generated monthly account statements for a period of two years and an unsigned cardmember agreement. However, the statements only provided a summary of the account balance and payments made, which did not constitute "detailed, itemized proof of . . . card usage" by the defendants. Bridges, 154 Wn. App. at 727. Furthermore, unlike in Ray, the bank did not provide any evidence that the defendants "acknowledged the debt, for example, through evidence of cancelled checks or online payment documentation." Bridges, 154 Wn. App. at 727. Because the bank did not produce "any similar evidence of the [defendants'] personal acknowledgment of the account" to the cancelled checks in Ray, the evidence was insufficient to establish assent. Bridges, 154 Wn. App. at 728.

In Citibank S.D., NA v. Ryan, 160 Wn. App. 286, 247 P.3d 778 (2011), this court reversed an order of summary judgment in favor of Citibank based on similar facts as in Bridges. The bank submitted copies of 13 months' worth of self-generated account statements and an unsigned cardmember agreement.

Ryan, 160 Wn. App. at 288. The account statements indicated that payments to the account were made but did not show "how the payments were supposedly made" nor "cover the period in which the card was first issued or the majority of the debt was accumulated." Ryan, 160 Wn. App. at 288. Based on Bridges, this court held that "the bare notation of supposed payments on the account statements Citibank provided" was not sufficient to prove that the payments were made by the defendant. Ryan, 160 Wn. App. at 293. This court also rejected the bank's claim that it established use of the card:

> None of the notations on the statements offered by Citibank here actually explained what the supposed purchase was or who it was from. Nor is it clear whether these were individual "purchases" or were only total amounts for the period covered by the statement. Moreover, these supposed purchases did not add up to anything near the total Citibank claimed was owed on the card. And the account statements did not otherwise provide a basis to match the listed accounts with any particular charge slip or purchase. The materials Citibank provided thus did not constitute the detailed and itemized documentation required by Bridges.

Ryan, 160 Wn. App. at 293.

In Am. Express Centurion Bank v. Stratman, 172 Wn. App. 667, 292 P.3d 128 (2012), the bank, as in Bridges and Ryan, provided several months of self-generated account statements and an unsigned cardmember agreement. However, instead of merely providing a summary of the amount owed, the account statements listed the date and amount of individual purchases made as well as the name of the entity from which the goods or services were purchased. Stratman, 172 Wn. App. at 674. This court affirmed summary judgment in favor

of the bank, holding that the monthly account statements were sufficiently detailed and itemized to prove that the claimed debt arose from card usage. We note, however, the defendant in Stratman did not raise the issue of the bank's proof that she personally acknowledged the debt, and we therefore do not read Stratman as excusing the bank from presenting, in the absence of a signed cardmember agreement, some other evidence showing that the defendant personally used the card or other such evidence of personal acknowledgement.

Here, Citibank provided eight years' worth of account statements listing hundreds of individual purchases, each containing a date, location, and amount. For example, in December 2001, the card was used to make purchases at Restoration Hardware and Office Depot in the amount of $53.31 and $47.19, respectively. In April 2005, the statement shows charges of $351.90 to Delta Airlines and $50.00 for a dentist visit. In August 2007, the card was used to charge $78.40 at Radio Shack and $163.34 at Best Buy. As we held in Stratman, this is the level of detail and specificity required to establish usage of the card.

Kaymaz does not contend that the bank provided insufficient evidence to prove the purchases made on the account. His claim is that the bank did not demonstrate that he was responsible for those purchases. We conclude Citibank provided evidence that Kaymaz personally acknowledged the account. The account statements were sent to Kaymaz's business address. Kaymaz

personally signed a check made out to "Citi Bank" that was drawn on his business account. The amount of the check was posted to Kaymaz's account approximately a week later.

Kaymaz argues that: (1) because the bank in Ray provided copies of several cancelled checks, a single check is insufficient; (2) there was no evidence that Kaymaz intended his check to serve as acknowledgment for his debt on the Citibank credit card; and (3) "the single cancelled check was written long before the applicable statute of limitations and should not be considered." But Ray did not specify the number of checks required to establish proof of personal acknowledgment, and we decline to interpret the holding of Ray as "more than one." Furthermore, contrary to Kaymaz's assertion, there was evidence that Kaymaz's check was applied to his debt because the reference number for the payment in the account statement matched the reference number stamped on the copy of the check. Finally, because Kaymaz did not raise the statute of limitations argument below, we decline to consider that argument for the first time on appeal. See, e.g., Bogle & Gates, P.L.L.C. v. Holly Mountain Res., 108 Wn. App. 557, 32 P.3d 1002 (2001).

In addition to arguing that sufficient proof of assent exists under Bridges and Ray, Citibank relies on the doctrine of "account stated" to demonstrate the existence of a contract with Kaymaz. "'An account stated is a manifestation of assent by debtor and creditor to a stated sum as an accurate computation of an

amount due the creditor. A party's retention without objection for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent.'" Nw. Motors, Ltd. v. James, 118 Wn.2d 294, 302, 822 P.2d 280 (1992), quoting RESTATEMENT (SECOND) OF CONTRACTS § 282 (1981). However, an account stated only determines the amount of a debt, some pre-existing liability having already existed. It does not in and of itself create a primary obligation. Nw. Motors, 118 Wn.2d at 302; Associated Petroleum Prods., Inc. v. Nw. Cascade, Inc., 149 Wn. App. 429, 437, 203 P.3d 1077, review denied, 166 Wn.2d 1034 (2009). Because Kaymaz does not challenge the amount of the debt, the account stated doctrine is not relevant here.

The cancelled check is prima facie proof that Kaymaz personally acknowledged the credit card. Kaymaz presented no evidence controverting that proof. Therefore, the trial court did not err in granting summary judgment in favor of Citibank.

Affirmed.

Becker, J.

WE CONCUR:

-9-