IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STEVEN ALLEN MCCRACKEN, | ) | No. 78658-0-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN HENRY BROWNE, and | ) | UNPUBLISHED OPINION |
| JOHN HENRY BROWNE, INC.,P.S., | ) | |
| | ) | FILED: January 13, 2020 |
| Respondents. | ) | |

VERELLEN, J. — In 2017, Steven McCracken filed a complaint against John Henry Browne, McCracken's former criminal defense attorney, and his firm (collectively Browne) and alleged breach of both written and oral contracts. McCracken challenges the grant of summary judgment on his claim for breach of a written contract. Because McCracken fails to show the existence of a written contract and the alleged breach occurred in 2012, that claim is subject to the three-year limitations period for oral contract claims. Because this claim was untimely, summary judgment was proper.

McCracken also challenges the trial court's dismissal under CR 12(b)(6) of his two separate claims for breach of oral contract. Because McCracken's complaint alleged that breach of the oral contract to hire Mark Mestel as a replacement attorney occurred in 2012, this claim was untimely. But the remaining

oral contract claim alleged an agreement to assist McCracken with post-trial matters by using attorney fees Browne retained from representing McCracken. McCracken alleged that in 2015, Browne continued to act at his direction to assist with collateral attacks on his conviction. Because McCracken alleged the breach occurred in October of 2015, his 2017 complaint stated a timely claim.

Therefore, we affirm summary judgment and the CR 12(b)(6) dismissal of the oral contract claim to hire attorney Mestel. We reverse dismissal only of the other breach of oral contract claim regarding post-trial representation. We remand for proceedings consistent with this opinion.

## FACTS

In June of 2011, McCracken was indicted in federal court for possession of methamphetamines with intent to distribute and for conspiracy to distribute methamphetamines. Browne represented McCracken until June of 2012 when he withdrew due to a conflict of interest. A public defender represented McCracken through his trial that October. McCracken was found guilty on both charges and sentenced to 168 months' incarceration.

On March 24, 2017, McCracken filed a civil complaint against Browne alleging breach of a written contract, breach of oral contract, and other claims. Browne filed a CR 12(b)(6) motion to dismiss. Except for the claim for breach of a written contract, the court dismissed all claims as time-barred. The court later granted summary judgment on McCracken's remaining claim because he failed to prove the existence of a written contract between himself and Browne.

McCracken appeals.

## ANALYSIS

### I. Motion to Dismiss

We review a grant of a CR 12(b)(6) motion to dismiss de novo.[1] A claim survives a motion to dismiss "'if any set of facts could exist that would justify recovery,'" so we accept all facts alleged in the complaint as true and consider hypothetical facts as well.[2] Dismissal is warranted only when no set of facts could justify recovery.[3]

The court dismissed as untimely McCracken's claims for breach of fiduciary duty, legal malpractice, negligence, fraud, unjust enrichment, and breach of oral contract. McCracken assigns error only to the court's dismissal of his claims for breach of oral contract.

Washington's limitations period for breach of oral contract is, with exceptions not applicable here, three years.[4] This period begins to accrue when the plaintiff has a right to seek legal relief.[5]

---

[1] San Juan County v. No New Gas Tax, 160 Wn.2d 141, 164, 157 P.3d 831 (2007).

[2] FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962-63, 331 P.3d 29 (2014) (quoting Hoffer v. State, 110 Wn.2d 415, 420, 755 P.2d 781 (1988)).

[3] Karstetter v. King County Corrs. Guild, 193 Wn.2d 672, 677, 444 P.3d 1185 (2019).

[4] RCW 4.16.080(3).

[5] Cawdrey v. Hanson Baker Ludlow Drumheller, P.S., 129 Wn. App. 810, 816, 120 P.3d 605 (2005).

In his complaint, McCracken appears to make two distinct allegations for breach of oral contract. He alleges Browne promised to hire attorney Mark Mestel to take over trial representation from Browne by using the attorney fees McCracken paid Browne. McCracken also alleges Browne broke his "continuous promises to remit money [and] to [provide] legal personnel" by keeping $20,000 in unspent attorney fees and by failing to assist McCracken with his post-appeal collateral attacks on his conviction.[6]

Browne argues the limitations period began running on McCracken's first claim in June of 2012 when Browne withdrew from representation without hiring Mestel and, accordingly, the claim became time-barred in June of 2015. Browne is correct. McCracken's complaint alleges that "Browne, instead of honoring the contract [to hire Mestel], reneged and simply withdrew from the case."[7] Thus, McCracken alleged Browne breached in June of 2012. Because McCracken filed his complaint almost five years later, the court did not err by concluding this claim was time-barred.

McCracken's other claim is that Browne breached his promise to use unspent attorney fees to assist both with a direct appeal and with collateral attacks on his conviction. According to McCracken, Browne continued to possess around $25,000 of his unspent attorney fees after terminating representation. In 2015, Browne assisted McCracken's effort to vacate his conviction by sending $500 to

---

[6] Clerk's Papers (CP) at 31.

[7] CP at 43.

4

Drug Detection Laboratories for additional testing on evidence from McCracken's trial. Browne also sent $2,000 to McCracken's mother to help with family expenses. That summer, Browne told McCracken he would help hire a psychologist to work on McCracken's motion to vacate. But he failed to pay the psychologist McCracken found and, since October 2015, "has refused to provide any money."[8] Because the alleged breach occurred in October of 2015 and McCracken filed his lawsuit less than three years later, this claim was not time-barred according to the facts alleged.

Browne argues we should affirm dismissal on the alternative ground that a lack of consideration prevented any agreement from being an enforceable modification to their original representation agreement.[9] He does not argue the contract was otherwise invalid.

Consideration is a bargained-for act or forbearance, such as an exchange of new promises.[10] Modification of a contract by subsequent agreement requires consideration separate from that of the original contract.[11]

---

[8] CP at 50.

[9] Although undisputed that Browne officially withdrew from representation in June of 2012, McCracken's complaint alleges that Browne behaved as though representation continued. Whether attorney representation terminated is typically a question of fact, Hipple v. McFadden, 161 Wn. App. 550, 558, 255 P.3d 730 (2011) (citing 3 RONALD E. MALLEN & JEFFREY M. SMITH, LEGAL MALPRACTICE § 23.13, at 440 (2008 ed.)), and we accept all factual allegations and hypothetical facts as true when reviewing dismissal under CR 12(b)(6).

[10] Forbes v. Am. Bldg. Maint. Co. W., 148 Wn. App. 273, 295, 198 P.3d 1042 (2009), rev'd in part on other grounds, 170 Wn.2d 157, 240 P.3d 790 (2010).

[11] Id.

5

McCracken alleged that Browne agreed to represent him through trial in federal court in exchange for $60,000. McCracken alleged Browne later agreed to provide assistance with his appeal and with collateral attacks on his sentence. By changing the scope of his services, Browne took on a new obligation. McCracken's complaint implies that Browne, around the same time, offered to return only half of the remaining attorney fees.[12] Browne may have offered to provide post-trial representation in exchange for half of the remaining attorney fees.[13] Because we accept all facts alleged as true and consider hypothetical facts as well when reviewing dismissal under CR 12(b)(6), McCracken alleged new consideration.[14] Browne makes no other argument against the claim's validity, and it survives his CR 12(b)(6) motion to dismiss.

---

[12] See CP at 19 ("Later that Spring [of 2015], Plaintiff wrote Defendant a long letter, explaining that Plaintiff didn't think that returning only half the money was fair.").

[13] We can also safely assume that Browne did not extend his services beyond the scope of the initial agreement with no expectation of payment. See Richards v. Pac. Nat'l Bank of Washington, 10 Wn. App. 542, 544, 519 P.2d 272 (1974) ("According to the general rule, in the absence of circumstances indicating otherwise, it can be inferred that a person who requests another to perform service of value to him thereby bargains and by implication agrees to pay for such services.").

[14] Of course, if Browne and McCracken formed a new contract governing post-trial representation, then the presence of any valid consideration, not just different consideration, could be sufficient to form a new representation agreement, assuming the other essential contractual terms were present.

II. Summary Judgment

When it granted summary judgment for Browne, the court concluded McCracken failed to show the existence of any written representation agreement, so the three-year statute of limitations for oral contracts barred the claim.[15]

We review a grant of summary judgment de novo, considering the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.[16] Summary judgment is appropriate where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law.[17] "'A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation.'"[18] As the movant, Browne has the initial burden of showing no issue of material fact exists.[19] If met, the burden shifts to McCracken to provide evidence sufficient to establish his prima facie case by showing the existence of a written representation contract.[20]

---

[15] Oddly, Browne attested, "I never entered into a written contract to represent [the] plaintiff in the criminal matter underlying this civil case. In fact, I remember having doubts about [the] plaintiff's mental state and capacity to enter into a contract during the time I represented him." CP at 179.

[16] Arden v. Forsberg & Umlauf, P.S., 193 Wn. App. 731, 742, 373 P.3d 320 (2016), affirmed, 189 Wn.2d 315, 402 P.3d 245 (2017).

[17] CR 56(c).

[18] Arden, 193 Wn. App. at 742 (quoting Dowler v. Clover Park Sch. Dist. No. 400, 172 Wn.2d 471, 484, 258 P.3d 676 (2011)).

[19] Id. at 743.

[20] Id.

A set of writings constitute a written contract when they contain the contract's essential terms.[21] The essential terms of a contract are the subject matter, parties, promise, terms and conditions, and consideration.[22] When parol evidence is needed to fill in these terms, the three-year limitations period in RCW 4.16.080(3) applies.[23]

McCracken argues the six-year limitations period for claims based on written contracts applies because he and Browne entered into a written representation agreement in 2011. He contends a set of receipts memorializing his payments to Browne, the Rules of Professional Conduct, and applicable case law form a written contract. The question is whether those receipts reflect the essential terms of a representation agreement.

The short, handwritten receipts from Browne's firm show that McCracken and his mother paid $23,000 "for lawyer's fees" in 2011.[24] When McCracken's mother paid, the receipts note the payments are "for Steven McCracken."[25] The receipts show the parties and consideration for a contract but do not show the terms or subject matter of Browne's representation. Assuming the Rules of Professional Conduct can supply essential contract terms, those general rules do

---

[21] Kloss v. Honeywell, Inc., 77 Wn. App. 294, 298, 890 P.2d 480 (1995).

[22] Bogle & Gates, P.L.L.C. v. Holly Mountain Res., 108 Wn. App. 557, 561, 32 P.3d 1002 (2001) (quoting DePhillips v. Zolt Constr. Co., 136 Wn.2d 26, 31, 959 P.2d 1104 (1998)).

[23] DePhillips, 136 Wn.2d at 33.

[24] CP at 400.

[25] CP at 400.

not specify the subject matter of Browne's representation. Nor can they supply the scope and duration of the parties' agreement because the Rules of Professional Conduct allow for reasonable limitations on the scope of representation such as restricting the duration of representation to a particular action or phase of litigation.[26] Because parol evidence would be required to prove the essential terms of the 2011 representation agreement, the contract is partly oral.[27] The three-year statute of limitations applies[28] and bars McCracken's claim for breach of the parties' 2011 representation agreement.

McCracken also assigns error to the court's conclusion that letters he sent Browne in 2015 did not form the basis of a written "settlement agreement." This appears to be an alternative argument to show the timeliness of his claim for breach of the contract regarding post-trial assistance. Because, as discussed above, the claim was timely brought even as an oral contract claim, we do not need to consider whether it was also timely if based on a written contract. To the extent McCracken appears to argue the court should have granted his cross motion for summary judgment on the basis of those documents, McCracken did not designate for appeal the order denying his motion, and he did not expressly

---

[26] See RPC 1.2(c) ("A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent."); RPC 1.2, cmt. 7 (explaining that a client and attorney may agree to limit the scope of representation to a "brief telephone consultation.").

[27] Bogle & Gates, 108 Wn. App. at 560 (quoting Cahn, 33 Wn. App. at 840).

[28] DePhillips, 136 Wn.2d at 33.

assign error to that decision in his brief. Thus, this issue is not properly before us.[29]

Therefore, we affirm summary judgment of the breach of written contract claim and affirm the CR 12(b)(6) dismissal of the claim for an oral contract to hire Mark Mestel. We reverse only the trial court's dismissal of McCracken's claim for breach of an oral contract to provide post-trial representation or refund fees. We remand for proceedings consistent with this opinion.

WE CONCUR:

Appelwick, C.J.

---

[29] RAP 2.4(b); RAP 10.3(g) ("A separate assignment of error for each finding of fact a party contends was improperly made must be included with reference to the finding by number.").