**FILED**
**MAY 28, 2026**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STEVEN F. WIKER, an individual, | ) | No. 41109-5-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED SERVICES AUTOMOBILE | ) | UNPUBLISHED OPINION |
| ASSOCIATION, a Texas intrainsurance | ) | |
| exchange doing business in the State of | ) | |
| Washington; BELOR USA GROUP, | ) | |
| INC., a Michigan Corporation doing | ) | |
| business in Washington; HARTFORD | ) | |
| FIRE INSURANCE CO., Bond No | ) | |
| 35BSBBZ7167; CONTRACTORS | ) | |
| BONDING AND INSURANCE | ) | |
| COMPANY, Bond No. CFBSBBBZ7167, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| GOLD SEAL PLUMBING; and GOLD | ) | |
| SEAL MECHANICAL INC., a | ) | |
| Washington Corporation, | ) | |
| | ) | |
| Respondents, | ) | |

HILL, J. —Steven Wiker signed a work proposal to have Gold Seal Plumbing and Gold Seal Mechanical, Inc. collectively ("Gold Seal") install a water heater. When things went wrong, Wiker eventually filed a complaint against Gold Seal and other defendants who are not parties to this appeal. Gold Seal filed for summary judgment, arguing that Wiker's breach of contract claim was barred by the three-year statute of limitations for partly oral contracts, set forth in RCW 4.16.080(3). Wiker argued that the contract between himself and Gold Seal was a written contract subject to the six-year statute of limitations identified in RCW 4.16.040(1). The court granted Gold Seal's motion for summary judgment. Wiker appeals. We affirm.

BACKGROUND

Because this matter was decided on summary judgment, the following facts are set forth in a light most favorable to Wiker, the nonmoving party.

Wiker purchased a home in August of 2018. In early September, he hired Gold Seal to replace the home's hot water tank. On September 8, 2018, Wiker signed a work proposal submitted to him by Gold Seal. The proposal, labeled as ticket number 4238C and bearing Gold Seal's letterhead, provided that Gold Seal would perform a variety of services to accomplish the installation of a hot water tank at Wiker's residence. The proposal listed itemized services and parts, along with the corresponding prices for the

2

services and parts. The list also indicated that a six-year parts and labor warranty applied to the hot water tank and its installation. The proposal identified the total cost of the installation as $4,492.80. Under the itemized list in the proposal are the words: "Terms and Conditions of Sale." Clerk's Papers (CP) at 211. The language below those words reads:

> *AUTHORIZATION TO PROCEED WITH WORK I hereby authorize the work described at the price shown. I agree that payment is due at time services are rendered. I represent that I am the owner of the property or the owner's agent and I have the authority to order said work.*

CP at 211.

On signing the document, Wiker attested to having reviewed the proposal and to agreeing to the terms and conditions outlined therein.

Unknown to anyone, Wiker's home had a defunct and damaged roof sprinkler system that was hidden in the attic. After completing the installation of the hot water tank at Wiker's residence on September 11, 2018, Gold Seal employees turned on the water connection to Wiker's home. Water traveled to the damaged roof sprinklers in the attic, sprayed out of those sprinklers, and caused damage. Also on September 11, Gold Seal sent Wiker a letter informing him that his Quality Service Club (QSC) membership had expired or would be expiring soon. The letter provided that renewing the QSC membership meant Wiker would receive preferential treatment during plumbing

emergencies, which included discounted pricing, extended warranties, and an inspection of the plumbing in his home.

The next day, on September 12, Wiker received, signed, and paid the invoice for the installation of the hot water tank, which bore an identification number of 4238C. He also renewed his QSC membership. Gold Seal performed a plumbing and drain safety inspection on Wiker's residence on September 13. Gold Seal replaced a water pump and sediment filter at Wiker's house on September 26.

On April 15, 2021, Wiker filed a complaint for damages against various individuals and entities in connection with the water damage that occurred after the installation of the hot water tank on September 11, 2018. Wiker filed an amended complaint for damages on February 25, 2022, in which he added Gold Seal as a defendant in the action and added claims of breach of contract, negligence, and suit on registration of bond against Gold Seal. The breach of contract claim against Gold Seal falls at the center of this appeal.

Gold Seal moved for summary judgment on Wiker's claims. Relevant to this appeal, Gold Seal argued that summary judgment on Wiker's breach of contract claim was time-barred by the applicable three-year statute of limitations for partly oral contracts, identified in RCW 4.16.080(3). At the conclusion of the summary judgment

4

hearing, the court granted Gold Seal's motion, reasoning that the three-year statute of

limitations applied to the contract between the parties because the bid proposal did not

include promises or terms and conditions and therefore was partly oral.

ANALYSIS

The issue on appeal is whether, under the summary judgment standard, Wiker and

Gold Seal's signed bid proposal constitutes a complete written contract. If the contract

was partly oral, Wiker's contract claim is barred by the three-year statute of limitations

for partly oral contracts found in RCW 4.16.080(3). If, however, the bid proposal is a

writing that contains all five essential elements to contract formation, the proposal

amounts to a written contract subject to the six-year statute of limitations found in

RCW 4.16.040(1).

This court reviews a trial court's summary judgment order de novo. *Watkins v.
ESA Mgmt., LLC*, 30 Wn. App. 2d 916, 923, 547 P.3d 271 (2024); *Ramey v. Knorr*, 130
Wn. App. 672, 685, 124 P.3d 314 (2005). In doing so, this court views the facts and
reasonable inferences in a light most favorable to the nonmoving party. *Watkins*, 30 Wn.
App. 2d at 923; *Ramey*, 130 Wn. App. at 685; *Boyle v. Leech*, 7 Wn. App. 2d 535, 538,
436 P.3d 393 (2019).

The party moving for summary judgment has the burden of showing the absence of an issue of material fact. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). Once the moving party makes this showing, the burden shifts to the nonmoving party—the plaintiff. "If, at this point, the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' then the trial court should grant the motion." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). To satisfy this responsive burden, the plaintiff must set forth specific facts demonstrating the existence of a genuine issue of material fact and cannot rely on "speculation, on argumentative assertions that unresolved factual issues remain, or on having its affidavits considered at face value." *Seiber v. Poulsbo Marine Ctr., Inc.*, 136 Wn. App. 731, 736, 150 P.3d 633 (2007); *see also Young*, 112 Wn.2d at 225-26.

"Generally, the statute of limitations in a contract action begins to run at the time of breach." *Wm. Dickson Co. v. Pierce County*, 128 Wn. App. 488, 495, 116 P.3d 409 (2005). Under RCW 4.16.080(3), "an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument," is subject to a three-year statute of limitations period. Under RCW 4.16.040(1), "[a]n

action upon a contract in writing, or liability express or implied arising out of a written agreement," is subject to a six-year statute of limitations period.

"'The burden of proving a contract, whether express or implied, is on the party asserting it, and he must prove each essential fact.'" *Bogle & Gates, P.L.L.C. v. Holly Mountain Res.*, 108 Wn. App. 557, 559, 32 P.3d 1002 (2001) (quoting *Cahn v. Foster & Marshall, Inc.*, 33 Wn. App. 838, 840, 658 P.2d 42 (1983)). The five essential elements to contract formation are (1) the subject matter of the contract, (2) the identities of the parties, (3) a promise, (4) terms and conditions, and (5) the price or consideration. *DePhillips v. Zolt Constr. Co.*, 136 Wn.2d 26, 31, 959 P.2d 1104 (1998). The promise element to contract formation, the existence of which the parties dispute on appeal, requires an exchange of reciprocal promises between the parties. *Duncan v. Alaska USA Fed. Credit Union, Inc.*, 148 Wn. App. 52, 74, 199 P.3d 991 (2008).

Importantly, this court has opined that "[a] written agreement for purposes of the six-year statute of limitations must contain all the essential elements of the contract, and if resort to parol evidence is necessary to establish any material element, then the contract is partly oral and the 3-year statute of limitations applies." *Kloss v. Honeywell, Inc.*, 77 Wn. App. 294, 298, 890 P.2d 480 (1995); *see also DePhillips*, 136 Wn.2d at 30-31. Nevertheless, a written instrument lacking one of the five essential elements to contract

formation can still constitute a written contract, subject to RCW 4.16.040(1)'s six-year statute of limitations, if the missing element is implied in the writing. *Kloss*, 77 Wn. App. at 299. "[T]he fact that the obligation is implicit in the writing does not cause the contract to be 'partly oral' for statute of limitations purposes." *Id.*

A bid to perform work is an offer to contract and becomes a contract upon acceptance. *Clover Park Sch. Dist. No. 400 v. Consol. Dairy Prod. Co.*, 15 Wn. App. 429, 433, 550 P.2d 47 (1976).

> [B]efore a proposal can ripen into a contract, upon the exercise of the power of acceptance by the one to whom it is made, it must be definite enough so that when it is coupled with the acceptance it can be determined, with at least a reasonable degree of certainty, what the nature and extent of the obligation is which the proposer has assumed.

*Johnson v. Star Iron & Steel Co.*, 9 Wn. App. 202, 206, 511 P.2d 1370 (1973). "An acceptance of an offer must always be identical with the terms of the offer or there is no meeting of the minds and no contract." *Owens-Corning Fiberglas Corp. v. Fox Smith Sheet Metal Co.*, 56 Wn.2d 167, 170, 351 P.2d 516 (1960).

While the signed work proposal in this case contains most of the elements needed for a contract, it is missing terms and conditions. Under the heading for "Terms and Conditions of Sale" it only reads:

> *AUTHORIZATION TO PROCEED WITH WORK I hereby authorize the work described at the price shown. I agree that payment is due at time*

8

> *services are rendered. I represent that I am the owner of the property or the owner's agent and I have the authority to order said work.*

CP at 211. Following this language are the words, "I have reviewed the proposal and agree to the terms and conditions," and Wiker's signature along with the signing date. CP 211.

Especially considering Wiker's claims for damages, the lack of terms and conditions is fatal. Wiker fails to articulate how the alleged contract was breached or which specific provision was violated. The work proposal contained no promises, terms or conditions on the quality of work to be performed or any warranty. The work proposal does not mention the defunct sprinkler system and does not provide for inspecting the home. Finally, liability for damages unrelated to the work identified is not contained in the proposal. Without the terms and conditions element in the proposal, it would be necessary to look to parol evidence to determine whether such work or coverage was agreed to by the parties. The contract is therefore partly oral and subject to the three-year statute of limitations.

## CONCLUSION

We conclude that the contract between Wiker and Gold Seal was partly oral, and therefore subject to a three-year statute of limitations. From this conclusion, it follows that the court did not err in granting Gold Seal's motion for summary judgment.

9

No. 41109-5-III
*Wiker v. United Servs. Auto Ass'n*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Hill, J.

WE CONCUR:

_____  _____
Staab, C.J.               Murphy, J.